UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BEASLEY,

       Plaintiff,

v.                                            Case No. 2:08-CV-11091
                                          Honorable Patrick J. Duggan

STATE FARM FIRE & CASUALTY COMPANY,

       Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 7, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On February 13, 2008, Plaintiff Ricky Beasley filed suit against Defendant State Farm Fire & Casualty Company ("State Farm") in Wayne County Circuit Court, alleging breach of contract and bad faith as a result of State Farm's failure to pay Plaintiff's claim for losses, damages, and expenses arising from a house fire. Plaintiff is a citizen of Michigan. State Farm, a corporation organized and existing under the laws of the State of Illinois, therefore removed Plaintiff's complaint to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Presently before the Court is Plaintiff's Motion to Remand, filed March 27, 2008. State Farm filed a response to the motion on April 4, 2008. Having reviewed the matter, the Court concludes that oral argument will not

significantly aid the decisional process and denies Plaintiff's motion.

A defendant generally may remove a civil case brought in a state court to federal court if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant removing a case to federal court has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37 (1921).

Plaintiff relies on the "direct action" provision of 28 U.S.C. § 1332(c) to support his motion to remand. This section provides, in pertinent part:

> (c) For the Purposes of this section and section 1441 of this title–
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except* that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; . . .

28 U.S.C. § 1332(c) (emphasis added). Plaintiff interprets this section as requiring the Court to consider State Farm to be a citizen of Michigan– i.e., where Plaintiff is a citizen– in determining whether there is diversity of citizenship in this matter.

The Sixth Circuit Court of Appeals, however, has squarely rejected the application

2

of the direct action provision to a lawsuit between an insured and his or her insurance company. *Lee-Lipstreu v. Chubb Group of Ins. Companies*, 329 F.3d 898 (6th Cir. 2003). After noting that an insured bringing suit against his or her own insurer is "obviously . . . not joined as a party-defendant because the insured is the plaintiff," the court in *Lee-Lipstreu* reasoned:

> Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity– federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.

329 F.3d at 899-900. Based upon the Sixth Circuit's decision, this Court concludes that Plaintiff and State Farm are diverse for purposes of 28 U.S.C. § 1331.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Remand is **DENIED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Allen J. Counard
Paul H. Johnson, Jr.
Amy L. Wille