UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BEASLEY,
        Plaintiff,

v.                                                    Case No. 2:08-CV-11091
                                                   Honorable Patrick J. Duggan

STATE FARM FIRE & CASUALTY COMPANY,
        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S PETITION FOR PERMISSION TO APPEAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 20, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On February 13, 2008, Plaintiff Ricky Beasley filed suit against Defendant State Farm Fire & Casualty Company ("State Farm") in Wayne County Circuit Court, alleging breach of contract and bad faith as a result of State Farm's failure to pay Plaintiff's claim for losses, damages, and expenses arising from a house fire. Defendant thereafter removed Plaintiff's complaint to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff responded by filing a motion to remand, contending that the "direct action" provision of 28 U.S.C. § 1332(c) defeats diversity jurisdiction in this matter. On April 7, 2008, this Court issued an opinion and order denying Plaintiff's motion. Presently before the Court is Plaintiff's "Petition for Permission to Appeal." The Court construes Plaintiff's petition as a request for the Court to find its interlocutory decision appealable pursuant to 28 U.S.C. § 1292(b).

28 U.S.C. § 1292(b) provides the following with respect to interlocutory decisions:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b). As this Court indicated in its April 7, 2008 decision, the Sixth Circuit has squarely rejected the argument Plaintiff raised in his motion to remand. (Doc. 9 at 2-3, citing *Lee-Lipstreu v. Chubb Group of Ins. Co.*, 329 F.3d 898 (6th Cir. 2003).) Further, the Sixth Circuit has indicated that "[a]pplying the direct action provision to a dispute solely between an insured and her own insurance company"– as Plaintiff argues here– "would result in an absurdity." (*Id.*) This Court therefore is clearly *not* of the opinion that its decision "involves a controlling question of law as to which there is substantial ground for difference of opinion." In fact, the Court believes that any appeal of its decision would be frivolous.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Petition for Permission to Appeal is **DENIED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Allen J. Counard
Paul H. Johnson, Jr.
Amy L. Wille