UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK BEASLEY,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.
_____/

Case No. 08-11091

Honorable Patrick J. Duggan

**<u>OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS AND/OR
FOR PARTIAL SUMMARY JUDGMENT</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 6, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On February 13, 2008, Ricky Beasley ("Plaintiff") initiated this action against State Farm Fire and Casualty Company ("Defendant") in the Wayne County Circuit Court, alleging breach of contract and bad faith as a result of Defendant's failure to pay Plaintiff's claim for losses, damages, and expenses arising from a house fire. On March 13, 2008, Defendant removed the action to this Court on the basis of diversity jurisdiction. Presently before this Court is Defendant's Motion for Partial Judgment on the Pleadings and/or for Partial Summary Judgment, which was filed on September 9, 2008.

**I. Background**

Plaintiff is suing Defendant for failing to pay a claim on a homeowner's insurance policy. On November 2, 2006, there was a fire at Plaintiff's home in Detroit, Michigan. Plaintiff submitted a "sworn statement in proof of loss" to Defendant later in November 2006. After completing an investigation, Defendant denied the claim because "the fire was intentionally set by Plaintiff or persons in privity of Plaintiff" and/or because "Plaintiff made [*sic*] misrepresentation and concealment of material facts." (Pl.'s Compl. ¶¶ 18-19.)

**II. Standard of Review**

Defendant moves for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *JPMorgan Chase Bank, NA v. Wingnet*, 510 F.3d 577, 581 (6th Cir. 2007)(quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).[1]

**III. Discussion**

---

[1] In the alternative, Defendant moves for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because Defendant and Plaintiff rely on the allegations of the complaint to make their respective arguments, this Court will analyze Defendant's motion under Rule 12(c) only.

In its motion, Defendant argues that Plaintiff's claim that Defendant handled Plaintiff's claim for homeowner's insurance in "bad faith" is not recognized under Michigan law. Defendant further maintains that any intentional infliction of emotional distress claim alleged by Plaintiff must also be dismissed. In response, Plaintiff contends that a "bad faith tort" exists under Michigan law. Plaintiff also asserts that he has alleged a claim for intentional infliction of emotional distress in his complaint.

Defendant's motion challenges four paragraphs of Plaintiff's complaint.[2] These paragraphs allege:

> 22) Defendant's denial of Plaintiff's claim was done in bad faith.
>
> . . .
>
> 25) Defendant's conduct and/or Defendant's acts and omissions to timely pay amounts due to Plaintiff are intentional and tortious.
>
> 26) Defendant's conduct is extreme and outrageous and done with injurious intent or reckless disregard for the consequences to the Plaintiff.
>
> 27) Defendant's conduct amounts to bad faith adjustment of Plaintiff's claim.

(Pl.'s Compl. ¶¶ 22, 25-27.) Paragraphs 22 and 27, taken together, allege that Defendant acted in "bad faith" when it failed to pay Plaintiff's claim. Furthermore, paragraphs 25 and 26, taken together, allege that Defendant's failure to pay Plaintiff's claim was tortious.

Plaintiff's "bad faith" claim against Defendant must fail. Under Michigan law, "[a]

---

[2] There are no individual counts listed in Plaintiff's complaint.

plaintiff cannot maintain an action in tort for nonperformance of a contract. There must be a separate and distinct duty imposed by law. An alleged bad-faith breach of an insurance contract does not state an independent tort claim." *Casey v. Auto-Owners Ins. Co.*, 272 Mich. App. 388, 401-02, 729 N.W. 2d 277, 286 (Mich. Ct. App. 2006). Here, Plaintiff merely alleges that Defendant denied his claim in bad faith. Plaintiff fails to allege that Defendant owed any legal duty to Plaintiff, apart from the duty or duties imposed under the insurance contract. Consequently, Defendant's motion will be granted as to Plaintiff's "bad faith" claim.

For similar reasons, Plaintiff's allegations that Defendant's denial was "intentional and tortious" and that Defendant actions were "extreme and outrageous" are also subject to dismissal. In making these allegations, Plaintiff appears to allege an intentional infliction of emotional distress claim against Defendant as a result of its denial to pay Plaintiff's claim. (*See* Pl.'s Resp. at 4 (characterizing the challenged allegations as asserting a claim for intentional infliction of emotional distress.) Contrary to Plaintiff's allegations, "[e]ven a willful or bad faith failure to pay a contractual obligation does not of itself constitute the extreme and outrageous conduct requisite to an intentional infliction of emotional distress claim." *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 392 (E.D. Mich. 2000)(citing *Taylor v. Blue Cross & Blue Shield of Mich.*, 205 Mich. App. 644, 658, 517 N.W. 2d 864, 870 (Mich. Ct. App. 1994)). The facts as alleged in Plaintiff's complaint amount to nothing more than allegations that Defendant failed to pay a contractual obligation. Consequently, Defendant's motion will also be granted with respect to Plaintiff's

intentional infliction of emotional distress claim.[3]

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings and/or for Partial Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Paragraphs 22, 25, 26, and 27 of Plaintiff's complaint are **DISMISSED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Allen J. Counard, Esq.
Cary R. Berlin, Esq.
Paul H. Johnson, Jr., Esq.

---

[3]In its response, Plaintiff also states that "if the Court believes more factual allegations are required to further support those claims asserted by Plaintiff, then Plaintiff requests an opportunity to amend his Complaint." (Pl.'s Resp. at 1-2.) The Court, however, does not construe Plaintiff's passing reference to a request to amend as a motion for leave to amend his complaint under Rule 15(a) of the Federal Rules of Civil Procedure because Plaintiff did not file a separate motion, brief in support of such motion, or "attach the proposed amended pleading to the motion" as required by E.D. Mich. LR 15.1.