UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BEASLEY,

      Plaintiff,

v.                                      Case No. 2:08-CV-11091
                                      Honorable Patrick J. Duggan

STATE FARM FIRE &
CASUALTY COMPANY,

      Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on _____

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On February 13, 2008, Plaintiff Ricky Beasley ("Plaintiff") filed suit against Defendant State Farm Fire & Casualty Company ("State Farm"), alleging breach of an insurance contract and bad faith as a result of State Farm's denial of Plaintiff's claim for losses, damages, and expenses arising from house fires on November 2, 2006. At the time of the fires, Plaintiff's property located on Ilene Street in Detroit, Michigan, was insured under a State Farm homeowners policy, Policy Number 82-N6-8452-3. State Farm denied Plaintiff's insurance claim, contending that the circumstances surrounding the house fires suggested that Plaintiff or someone procured by Plaintiff intentionally set the fires. On November 24, 2008, a jury returned an unanimous verdict in Plaintiff's

favor, finding in part that Plaintiff did not intentionally set or arrange for the setting of the house fires. (Doc. 53.) The jury also unanimously decided the actual cash values and costs to repair/replace the property and the personal property damaged or destroyed in the fire, as well as additional living expenses incurred by Plaintiff. (*Id.*) Presently before the Court are the following post-trial motions:

(1) Plaintiff's Motion for Attorney Fees Based on Defendant's Notification of Attorneys Lien (Doc. 54);

(2) Plaintiff's Motion for Entry of Judgment, Taxation of Costs and Interest (Doc. 55);

(3) Plaintiff's Motion for Attorney Fees (Doc. 56);

(4) State Farm's Cross Motion to Apply Offsets and for Entry of Judgment (Doc. 57).

Plaintiff has filed a response to State Farm's cross-motion (Doc. 58). State Farm has filed a response to Plaintiff's motions for attorney fees (Doc. 59.)

**Background Information**

As indicated above, on November 2, 2006, house fires destroyed Plaintiff's Ilene Street dwelling, as well as personal property located within the dwelling. At the time, First Franklin Bank held a mortgage on the property and the property was insured by a State Farm homeowners policy. The homeowners policy contains a mortgage clause and identifies First Franklin Bank as a mortgagee of the Ilene Street property.

Following the loss, State Farm denied Plaintiff's claim for proceeds under the insurance policy. State Farm, however, did provide Plaintiff an advanced contents

payment in the amount of $5,000 and an additional living expenses payment ("ALE payment") in the amount of $6,435. In response to a claim for insurance proceeds filed by First Franklin Bank, State Farm also paid pursuant to the policy's mortgage clause $102,517.03 to First Franklin Bank and $7,443 to the City of Detroit as hold back funds for demolition of the damaged property.

The jury found the actual cash value of the Ilene Street dwelling and the personal property damaged or destroyed in the fire to be $124,900 and $19,825.65, respectively. The jury further found the cost to repair the dwelling and to replace the personal property to be $149,504.09 and $32,433, respectively. The jury also concluded that Plaintiff incurred additional living expenses totaling $17,160.

## Parties' Motions

In his first motion for attorney fees (Doc. 54), Plaintiff argues that, pursuant to a contingency fee agreement with his attorney, he is entitled to an attorney fee of 33 1/3% of the amount of the insurance proceeds that State Farm paid First Franklin Bank and the City of Detroit (i.e. $109,906.03). Plaintiff indicates that he notified State Farm of the contingency fee agreement before State Farm paid these proceeds to First Franklin Bank and the City. State Farm responds that Plaintiff is not entitled to a percentage of these payments as attorney fees, as Plaintiff's attorney did not represent the mortgagee and his attorney's efforts played no role in procuring the amount paid to the mortgagee.

In his second motion for attorney fees (Doc. 56), Plaintiff seeks to recover his attorney fees as an element of damages. State Farm responds that, pursuant to well

established Michigan law, attorney fees are not recoverable as damages for a breach of contract action.

In his Motion for Entry of Judgment, Taxation of Costs and Interest (Doc. 55), Plaintiff seeks a judgment incorporating the amounts set forth in the jury's verdict. Plaintiff also asks the Court to enter a judgment that provides for prejudgment interest pursuant to MICH. COMP. LAWS § 600.6013(8) and penalty interest pursuant to MICH. COMP. LAWS § 500.2006, the rate of the latter (as the parties stipulated) to be 12% per annum from sixty (60) days after the date of submission of Plaintiff's proof of loss. Finally, Plaintiff maintains that he is entitled to an award that includes taxable costs in the amount of $973.20.[1]

In its cross motion (Doc. 57), State Farm does not contest the insurance proceeds Plaintiff seeks; however, State Farm maintains that Plaintiff is only entitled to recover the actual cash value of the Ilene Street dwelling and the personal property damaged or destroyed therein unless and until he replaces and repairs the same.  State Farm also maintains that it is entitled to an offset from the amounts set forth in the jury's verdict for the contents advance and ALE payments it previously made to Plaintiff, as well as the

---

[1]Plaintiff identifies the following taxable costs:

| | |
|---|---|
| Filing Fee: | $150.00 |
| Transcripts: | $663.20 |
| Witness Fees: | $160.00 |

(Doc. 55-3.)  State Farm does not challenge Plaintiff's ability to recover these costs.

insurance proceeds it paid to First Franklin Bank and the City of Detroit.

In response to State Farm's cross motion, Plaintiff does not dispute State Farm's proposed offsets for the contents advance and ALE payments. (Doc. 58 at 3.) Plaintiff argues, however, that State Farm should not receive an offset based on the payments it made to First Franklin Bank and the City because First Franklin Bank was not entitled to any insurance proceeds. In support of this argument, Plaintiff relies on the Michigan Supreme Court's holding in *Smith v. General Mortgage Corp.*, 402 Mich. 125, 261 N.W.2d 710 (1978), that generally a mortgagee is not entitled to insurance proceeds when it forecloses on property after a loss and purchases the property for a bid that extinguished the mortgage debt. (*Id*.) Plaintiff further responds that State Farm's proposed judgment does not provide for pre-judgment interest and improperly calculates the agreed upon penalty interest.

**Analysis**

There is no dispute that Plaintiff is entitled to a judgment that includes his taxable costs and the amounts found by the jury to be his additional living expenses and the actual cash values of the Ilene Street dwelling ($124,900) and the personal property damaged or destroyed in the fire ($19,825.65), minus appropriate offsets. The parties also agree that State Farm is obligated under the insurance policy to pay Plaintiff the difference between the actual cash value amounts and the costs to repair the dwelling and/or replace personal property, *if* Plaintiff does repair the dwelling and/or replaces any personal property. Finally, State Farm does not appear to contest Plaintiff's claim to prejudgment interest

5

and 12% per annum penalty interest (the latter to begin 60 days after the date Plaintiff submitted the proof of loss). The Court's judgment therefore will reflect these amounts.

With respect to Plaintiff's claim to attorney fees, the Court agrees with State Farm that Plaintiff is not entitled to an attorney fee award based on the insurance proceeds paid to First Franklin Bank. Plaintiff's contingency fee agreement with his lawyer created a charging lien which "create[d] a lien on a judgment, settlement, or other money recovered *as a result of the attorney's services*." *George v. Sander M. Gelman, P.C.*, 201 Mich. App. 474, 476, 506 N.W.2d 583, 585 (1993) (emphasis added). Plaintiff's attorney did not represent the mortgagee and there is no indication that his services secured the insurance proceeds paid to the mortgagee. *See Franklin v. Allstate Ins. Co.*, No. 242551, 2003 WL 22976150, at *1 (Mich. Ct. App. Dec. 18, 2003) (unpublished op.) (rejecting the plaintiffs' claim for attorney fees based on insurance proceeds paid to Ford Motor Credit, which financed the plaintiffs' purchase of the insured property, because the "plaintiffs' attorney played absolutely no role in [the insurer's] payment to Ford Motor Credit").

The Court also agrees with State Farm that Plaintiff is not entitled to damages in the form of attorney fees. Michigan law is clear that an insured is not entitled to recover attorney fees as an element of damages against an insurer for breach of contract. *Burnside v. State Farm Fire and Cas. Co.*, 208 Mich. App. 422, 528 N.W.2d 749 (1995) (expressly rejecting the Sixth Circuit's holding in *Murphy v. Cincinnati Ins. Co.*, 772 F.2d 273 (1985), and holding that "the application of the American rule precludes recovery of

attorney fees incurred as a result of an insurer's bad-faith refusal to pay a claim.")

Turning to the offsets that State Farm claims, as set forth earlier, the parties agree that State Farm is entitled to an offset for the advanced contents and ALE payments it made. The Court agrees with Plaintiff, however, that State Farm is not entitled to an offset for the amount it paid First Franklin Bank and the City of Detroit under the insurance policy's mortgage clause, if First Franklin Bank purchased the Ilene Street property through a foreclosure sale for an amount equal to or greater than the amount outstanding on Plaintiff's mortgage.[2]

As the Michigan Supreme Court held in *Smith*: "[W]hen the loss occurs before a foreclosure sale in which the mortgagee purchases the property for a bid which extinguishes the mortgage debt, the mortgagee is not entitled to the insurance proceeds."[3] 402 Mich. at 128, 261 N.W.2d at 712 (citing *Whitestone Sav. & Loan Ass'n v. Allstate Ins. Co.*, 270 N.E.2d 694, 697 (1971)). The Court adopted the following reasoning from the New York court's decision:

---

[2]If First Franklin Bank purchased the property at a foreclosure sale for an amount less than the amount outstanding on the mortgage, it could recover from the insurance proceeds to the extent that the foreclosure proceeds are less than the mortgage obligation. *See* RESTATEMENT (THIRD) OF PROPERTY (Mortgages) § 4.8.

[3]In *Smith*, the Michigan Supreme Court concluded that it was establishing a "previously unannounced rule" and that its enforcement in the case before it "would confer an unearned benefit on the plaintiffs." 402 Mich. at 130, 261 N.W.2d at 712. The Court, therefore, fashioned an equitable result: setting aside the foreclosure, returning title to the plaintiffs-mortgagors, paying the insurance proceeds to the defendant-mortgagee in the amount due on the mortgage, and paying the remaining proceeds to the plaintiffs-mortgagors. *Id.*, 261 N.W.2d at 713.

7

> "The theory of recovery by a mortgagee is indemnity. The risk insured against is an impairment of the mortgaged property which adversely affects the mortgagee's ability to resort to the property as a source for repayment. Where the debt has been satisfied in full subsequent to the fire, neither reason nor precedent suggest recovery on the policy by the mortgagee." . . .
>
> "The rule is not harsh and it is eminently practical. None disputes that the mortgagee is entitled to recover only his debt. Any surplus value belongs to others, namely, the mortgagor or subsequent lienors. Indeed, it is not conceivable that the mortgagee could recover a deficiency judgment against the mortgagor if it had bid in the full amount of the debt at foreclosure sale. To allow the mortgagee, after effectively cutting off or discouraging lower bidders, to take the property– and then establish that it was worth less than the bid– encourages fraud, creates uncertainty as to the mortgagor's rights, and most unfairly deprives the sale of whatever leaven comes from other bidders.

*Id*. (emphasis removed) (quoting *Whitestone Sav. & Loan*, 270 N.E.2d at 697).

Plaintiff argues, and it appears from Exhibit C to State Farm's cross motion (Doc. 57-5), that First Franklin Bank foreclosed on the Ilene Street property after the fires and purchased the property through a foreclosure sale for the full amount of Plaintiff's debt. State Farm has not responded to Plaintiff's argument on this issue and therefore fails to inform the Court that these suggested facts are incorrect. Therefore, the Court concludes that the amount awarded to Plaintiff should not be offset by the payments State Farm made to First Franklin Bank and the City of Detroit.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motions for attorney fees are **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion for Entry of Judgment, Taxation of Costs, and Interest is **GRANTED**;

**IT IS FURTHER ORDERED**, that State Farm's Cross Motion to Apply Offsets and for Entry of Judgment is **GRANTED IN PART AND DENIED IN PART**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Allen J. Counard
Paul H. Johnson, Jr.
Amy L. Wille