UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BEASLEY,

       Plaintiff,

v.                                  Case No. 2:08-CV-11091
                                  Honorable Patrick J. Duggan

STATE FARM FIRE &
CASUALTY COMPANY,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR
RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 6, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff Ricky Beasley ("Plaintiff") filed this lawsuit against Defendant State

Farm Fire & Casualty Company ("State Farm"), alleging breach of an insurance contract

and bad faith as a result of State Farm's denial of Plaintiff's claim for losses, damages,

and expenses arising from fires that destroyed Plaintiff's property on Ilene Street in

Detroit, Michigan ("insured property").  On November 24, 2008, a jury returned an

unanimous verdict in Plaintiff's favor.  (Doc. 53.)  The parties subsequently filed post-

trial motions, which included State Farm's motion to apply certain offsets to the judgment

to be awarded Plaintiff.  (Doc. 57.)  Specifically, State Farm sought an offset of

$109,960.03, representing insurance proceeds in the amount of $102,517.03 that State

Farm paid to First Franklin Bank– the holder of a mortgage on the insured property– and $7,443 State Farm paid to the City of Detroit as hold back funds for demolition of the insured property. In an opinion and order issued on February 26, 2009, this Court *inter alia* denied State Farm's request to offset the judgment by these amounts and entered a judgment in favor of Plaintiff and against State Farm.

Presently before the Court is State Farm's motion for reconsideration, filed March 11, 2009. This Court issued a notice to the parties on March 13, 2009, indicating that the Court would permit Plaintiff to submit a response to the motion for reconsideration if he wished to do so. Plaintiff filed a response on March 23, 2009. For the reasons that follow, the Court grants State Farm's motion and accordingly enters an amended judgment.

As indicated above, in a post-trial motion, State Farm sought an offset to the judgment for the amount it paid First Franklin Bank and the City of Detroit pursuant to a mortgage clause in the State Farm insurance policy insuring Plaintiff's Ilene Street property. Plaintiff responded to the motion, arguing that First Franklin Bank was not entitled to an offset for these amounts because, Plaintiff suggested, First Franklin Bank had foreclosed on the insured property after the loss and purchased the property for a bid that extinguished the mortgage debt. State Farm did not dispute this suggestion in any of its subsequently filed pleadings. Therefore, pursuant to the Michigan Supreme Court's

2

decision in *Smith v. General Mortgage Corporation*,[1] this Court denied State Farm's request for an offset for the amount it paid First Franklin Bank and the City of Detroit.

In its motion for reconsideration, State Farm now informs the Court that First Franklin Bank never foreclosed on the insured property through a sheriff's sale which extinguished the mortgage debt. State Farm presents evidence indicating that there in fact has been no sheriff's sale and that Plaintiff continues to hold title to the insured property subject to First Franklin Bank's mortgage. (Doc. 62 Exs. A & B.) In response, Plaintiff offers no contrary evidence and does not dispute that there has been neither a sheriff's sale nor transfer of title to the property from Plaintiff to anyone, including the bank.

This Court fails to understand why State Farm did not present this evidence initially in response to Plaintiff's suggestion that a sheriff's sale had occurred. In any event, because First Franklin Bank in fact did not purchase the insured property through a foreclosure sale for any amount, the Court must grant State Farm's motion for reconsideration and enter an amended judgment reflecting an offset for the amounts State Farm paid to First Franklin Bank and the City of Detroit.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

---

[1]The *Smith* Court held: "[W]hen the loss occurs before a foreclosure sale in which the mortgagee purchases the property for a bid which extinguishes the mortgage debt, the mortgagee is not entitled to the insurance proceeds." 402 Mich. 125, 128, 261 N.W.2d 710, 712 (1978).

Allen J. Counard
Paul H. Johnson, Jr.
Amy L. Wille